FILED

JAN 19 2023

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY BT
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**Plaintiff** Lowell Green #00518622

**V.** Case No. SA23CA0093XR

**Defendant** Judge Matt Johnson, et al.

---

Please See Complaint Attached

(2012-790-C2) Case NO. 6:21-cv-105. WR-82,901-10 (PENDING)

(1) Lowell Quincy Green v. Ken Paxton, Page 1 of 9

Judge Matt Johnson, District Attorney Abel, Prosecutor Landon Ramsey, Brandon Luce Law Firm 4600 Bosque Blvd Ste #2B Waco, Texas 76710. Cause NO. 2012-790-C2, April 18, 2012 Aggravated Robbery with a deadly weapon, to-wit: "a Firearm or BB Handgun": March 19, 2012 Complainant Anastasia Collier. Repugnancy, and

(2) Treason. Public Defender Ms. Hendrick, Lawrence E. Johnson, D. Youngblood Investigator was biased 801 Washington Ave #400 Waco, Texas 76701. He was appointed April 18, 2012 and said the "gun" looked like a "candy bar." The Supreme Court held ("Counsel has a duty to make reasonable investigations or make a reasonable decision that makes particular investigation unnessary"). Dr. Baker. Mental Ill Patient Lowell Quincy Green (eating Feces) and

Page 1. See ...

Dr. Marks (Incompetent) Court ordered,

Dr. Carter (Insanity) Court ordered,

GROUND OF ERROR NUMBER ONE

The Supreme Court held it is well established that without the Due Process Clause of the Fourteenth Amendment prohibits the criminal prosecution of a defendant who is not competent to stand trial. Medina v. California, 505 U.S. 437, 439 (1992).

Trial court committed plain error by making prejudicial comments during Presentence Investigation Hearing resulting in the denial of applicant's right to an impartial judge at sentencing without due process under Tex. R. Evid. 103(d).

ARGUMENT & AUTHORITIES:

In applicant's first ground of error, he contends that the comments of the trial court judge did constitute fundamental error under Tex. R. of Evid. 103(d).

Citing Tumey v. Ohio, 273 U.S. 547 S.Ct. 437, 71 L.Ed 2d 749 (1927), that because he has the right to an impartial judge, applicant also contends that the unpreserved error should be corrected due to the trial judge's unique position of authority. Marin v. State, 851 S.W.2d 275 (Tex. Cr. App. 1993).

B. Public Defender Lawrence E. Johnson May 01, 2012 "WAIVER OF ARRAIGNMENT" Violated Federal 18 U.S.C. 1961 [illegible] Racketeering Influenced Corrupt Organization. Tower v. Glover, 467 U.S. 914 (1984) Cert. granted (Conspiracy) Public Defenders have no such immunity violating their client civil rights and

Applicant supports his contention by evidence of Exhibit (1), the transcript of Reporter's Record at Volume 1 of (1) Volumes that was transcribed at the Presentence Investigation Hearing, at Page 23.

The record shows that at the end of the Presentence Investigation Hearing that the trial court judge expressed his personal feelings of hostility, bias and unfairness as evidenced in the record from the excerpt from the transcript of Exhibit (1) which reads as follows:

Mr. Mendoza, please stand.

All right, sir. You know, I might grant probation in the appropriate case. And again, [illegible] in determining whether [illegible] appropriate case, [illegible] to look at the facts and circumstances surrounding both the accused as well as the victim. And although I [illegible]

there is no need for habeas Corpus. WR-82,481-03 (Cr. App. 2015) (2012-790-C2) USDC NO. 6:15-CV-366-RP (W.D. Tex. 2014) (Miscarriage of Justice) 16-51098 (5th Cir) "Shocks the Conscience"

4. Green v. State, NO. 10-16-00439-CR (Waco) Jan. 11, 2017 Cause no. 2012-790-C2 deadly weapon,

5) to-wit: a "Firearm or BB Handgun!" Chief Justice Tom Gray, Justice Rex D. Davis, and Justice Al Scoggins (Treason) under Oath Art. 16.81 (on faithfully execute the law, and preserve, ~~protect~~, support and defend the United States Constitution, they are "hypocrites and they are sued in their individual capacities rackateering and altered ego's, Chief Tom Gray "Opinion" we Resolved The Issue For Mr. Green ~~[illegible]~~ Regarding

Page 3, See other side

The Deadly Weapon It Is Not An Element of His Offense Mandate Issued May 08, 2017 (Acquitted) Tex. Penal Code Ann. § 2.01. Burden of Proof Is On the State of Texas, and they failed to Carry a heavy burden because Lowell Quiroga Garza Used or exhibited a deadly weapon to-wit:

(6) "a Firearm or BB handgun". The Supreme Court held. The Fifth Amendment provides in pertinent part that "[n]o person... shall be compelled in any criminal case to be a witness against himself." 384 U.S. 436, 448-50, 467 (1966). U.S. Const. amend. V. The privilege against self-incrimination

"Under Texas laws standard of care to which an attorney is held is an objective exercise of professional judgment, not in the subjective belief that his acts are in good faith". Struber vs Hunter 221 F 3d 700 (5th cir 2000) citing Mccoy v court of Appeals 108 S ct p1895 (1988).

APPLICANT'S AVERMENT

It is only upon constitutional grounds that wallace stands in that sacared place between the legislature and the judiciary. Therefore the effect and not the form of amendments cited herein have resulted in a retroactive gloss that compels his sole concern, whose determination is absolutely necessary to resolve. As the exsistence of these amendments are constitutionaly forbidden of impair a vested right.

STATUTE ANALYSIS

HISTORY

The concept of mandatory supervision was born in hearing committees in 1977. This due in part to prison overcrowding and the realized value of supervising prisoners upon release to reduce recividism. This provision serves a significant governmental function even today.

During these hearings Jack Kyle voiced his concern about the constitutionality of the proposed bill (Exhibit a pg 12). Jack Duncan of the Texas Civil Liberties union also discussed constitutional concerns (pg 13). Senator Meir (same page) voiced his concern.

applies to the states through the Fourteenth Amendment. See Malloy v. Hogan, 378 U.S. 1, 8 (1964); Md v. Shatzner, 559 U.S. 98, 103 (2010) ("Fifth Amendment... applies to the states by virtue of the Fourteenth Amendment").

(1) March 27, 2012 Detective Kristina Woodruff and Lowell Quincy Green interview at the Mclennan County Jail without a lawyer, Miranda, 384 U.S. at 492; See also Dickerson v. U.S. 530 U.S. 428, 440 (2000) holding that Miranda warnings are Constitutionally required). March 24, 2012 Police officer John Finch arrested Lowell Quincy Green for Evading Arrest ~~Detent~~ Detention on Trice Ave and 18th Street in a Gold Jeep Cherokee Limited Edition with Kimberly Butterman inside, Cause NO. 1214975CR1 (Misdemeanor) Class A (Waco TX 1551200) FBI Mr. Scott Mc...

LQG/TA

Page 5 ...

FBI CASE D7689 0621312, March 24, 2012, Booking (Finger prints) on FBI Files

(8) $4,500.00, March 27, 2012, Detective Kristina Woodruff "FALSE" Charge, and April 18, 2012 (Void) Indictment

(9) May 01, 2012 Lawrence E. Johnson "WAIVER OF ARRAIGNMENT" (2012-790-C2),

(10) (Omitted) "Prior" Convictions, Tex. Penal Code Ann. §12.42(d) enhancements,

(11) (Omitted) (Automobile) and (Value) Tex. Penal Code Ann. §31.07 (UUMV)

(12) (Omitted) Intentionally [and] Knowingly with intent to obtain [and] control of the property to-wit: (Automobile)

(13) (Omitted) "without the effective consent" of Anastasia Collier, the owner. (2012-790-C2)

(14) 2012-790-C2 (Omitted) used [and] exhibited a deadly weapon to-wit: Firearm, 45 Caliber, Black "Pointing" in Anastasia

A new disability is created, changing the quantum of punishment.

CODE CONSTRUCTION STANDARD

"When construing a statute, we give effect to the plain meaning of the text, unless the statutory language is ambiguous or that the plain meaning leads to an absurd results that the legislature could not have possibily have intended" Boykin vs State 818 Sw2d p782 (Tx.Crim.app 1991). Within the 85th legislature the word "shall" was incorporated. Under the code construction act of Tx.govt.code 311.016(b) "shall" imposes a duty.

ARGUMENT

The question is whether the amendments applies to prisoners convicted for acts committed before the effective date. If true this substantially alters the consequences attached to a crime already committed and therefore changes the quantum of punishment" Weaver v Graham 101 S ct p960 (1982) reversed and remanded, citing Dobbert v Florida 97 S ct p2290,98 "The expost facto clauses protects against the danger of vindictive legislation" Miller v Florida 107 S ct 2446 (1987) "The narrower the class burdened by retroactive legislature, the greater that the legislature has the characteristics of a bill of attainder. In the U.S Constitution art 1 §9 cl. This prohibits legislatures from singling out persons and meting out summary punishment for past conduct" Note 12 Lynce v Mathis 117 S ct p891 (1997) and Boazel 46 S ct p69 (1925). "What legislative adjustment will be of sufficient moment to transgress the constitutional prohibitions must be a matter of degrees.

Collier's "Face" March 19, 2012 at 6:30 AM Mission Waco Apartments 1000 BLK Washington Ave (Crack Cocaine) Debt (Anastasia Collier) Refused to pay Buck. (Cathy Wise) (Witness) she's the Land lord. Kristina Woodruff #12-5431 (entire) file on USDC # 6:15-CV-366 Clerk Jeannette Clack files (WR-82,981-03) (6:21-CV-1057-ADA

15. McCreary Law Firm 100 N. 6th street Waco Texas 76701 ( 6:21-CV-1057) this case was filed (Green V. Jon R. Gimble Dist. Clerk) et al. NO. 10-19-00106-CV (Waco) 10th Dist. Court all defendants was served by Constable in December 2020 (Lawrence E. Johnson) is DEAD Cov-19 Punishment, and the (BB Hand-gun) was recovered at (114 Roger street McGregor Texas 76657) Lowell Quincy Green (property) foreclosed,

Page 7. See other side

TEXAS COURT OF CRIMINAL APPEALS

OPINION

"We have repeatedly held that in determining an inmate's eligibility for mandatory supervision or parole, the governing statute is the one in effect when the offense was committed"

Ex Parte Mabry 137 Sw3d p58 (Tx.Crim.App 2004) relief granted,

Ex Parte Hernandez 275 Sw3d p895 (Tx.crim.app 2009).

A review of the legislative history found that changes to mandatory supervision were for future offenses only. See Ex Parte Choice 828 SW2d p5 (Tx.crim.app 1992).

CONSTITUTIONALITY

While it could be found that within the 65th legislature's provisions concerning "3g" and non "3g" offenses could be held as disparate treatment of constitutional magnitude, the 1995 provisions as stated "is serving" are unconstitutional as applied and on its face. The applicant's offense occured before any of the post 65th amendments.

The effect of these amendments occur within the structural relationship of the parole board and its agents at the units. they only view mandatory supervision terminology as amenedments are made.

Such changes are reflected on TDCJ timesheets (Exhibit B). these changes displace the protection of the EX post facto clause as it absconds the 1977 laws concerning mandatory supervision.

by Robert L. Meyer (10-19-00106-V); See United States Supreme Court, held, Gideon v. Wainwright, 372 US 335 (1963) at 342 private property shall not be taken for public use without just compensation. Chicago B. and Q. R. Co. v. Chicago, 166 U.S. 226, 235-241 (1897); Smith v. Ames, 169 U.S. 466, 522, 526 (1898). Since Gideon v. Wainwright, 372 U.S. 335 (1963), it has been clear that a defendant pleading guilty to a felony charge has a federal right to the assistance of counsel. See White v. Maryland, 373 U.S. 59 (1963); Arsenault v. Massachuttes, 393 U.S. 5 (1968). It

has long been recognized that the right to Counsel is the right to the effective assistance of Counsel. See Reece v. Georgia, 350 U.S. 85, 90 (1955); Glasser v. United States, 315 U.S. 60, 69-70 (1942); Avery v. Alabama, 308 U.S. 444, 446 (1940); Powell v. Alabama, 287 U.S. 45, 57 (1932).

16. Plaintiff Contends that he filed. Green v. McCreary Law Firm, et al. NO. 3:19-cv-03309 (N. Dist. Dallas Jan. 10, 2019) (1994-659-C) (119 Roger Street McGregor Texas 76657) Dec. 07, 1994 (25 years Jan. 02, 2019 (DISCHARGED) David L. Horan 28 USC § 636 (Lied) to Congress and 3:20-cv-02768 (Contempt) he is sued and served. If he refuse to give me exhibits the FBI will Charge him and Ken Paxton for FRAUD ON Congress MONEY ORDER NO. 19388888021 Connally Mailroom

17. Plaintiff Demand Release EXHIBIT A. TRIAL 2013-790-C2 WR-82,901-18 JURY TRIAL DEMANDED Lowell Green 11/6/2023

Page 386 AMERICA'S CONSTITUTION

CONCLUSION

"Under constitutional seperations of powers, the final authority to determine the legislatures adherance to the constitution resides with the judiciary". Mabury vs Madison 5 U.S. (1 cranch) 137 176-178 2 L. ED (1803).

Any procedural safequards that may deny relief should yield to the subsxantial rights of the Texas Const Art 1§16, and rights exercised by the applicant. The facts being material, and supported by documentary evidence should, unless rebuted, stand as true and provide relief by order of release to parole via the granting of the writ.

[signature]

AFFIDAVIT

I, [redacted] do hereby swear, affirm, under penalty of perjury that the facts stated herein are true within this memorandum of law, pursuant to U.S.C.A 1746 Title 28

The applicant [redacted] further attests that this memorandum of law adheres to T.R.A.P 73. Failure of the district clerk to include this memorandum of law with the transmittal of the attached 11.07 constitutes fraud upon the court.

FURTHER AFFIANT SAYETH NOT.

Signed on this the 10 day of ~~August 2014~~ September.

Charles P. Reynolds Ft. worth $

[signature]

D16-51090 Green v. Stephens, 6:15-cv-366

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

(2) WR-82,981-03, App-No. 10-16-00439-CR

(3) WR-82,981-20 11/2022 (22-20131 (5th Cir.) (10/22) (4:20-cv-2585)

12/8/2022

**GREEN, LOWELL QUINCY Tr. Ct. No. 2012-790-C2 WR-82,981-18**

On this day, the motion for leave to file the original application for writ of mandamus and original application for writ of mandamus has been received and presented to the Court.

FALSE IMPRISONMENT

Deana Williamson, Clerk

EXHIBIT A.
No. 6:21-cv-105
Lowell Green
1/16/2023

LOWELL QUINCY GREEN
CONNALLY UNIT - TDC # 518622
899 FM 632
KENEDY, TX 78119

12A-41

KMADNAB 78119

5

LOAD THIS DIRECTION, THIS SIDE UP

MONEY ORDER RECEIPT - NON NEGOTIABLE

EXHIBIT B. (3:18-cv-3309)

3:20-cv-02768

Did you know you can make utility, auto loan, mortgage
and many other payments through Western Union?
Ask a store associate for details.

AGT 619854 LOC 000064 DT 053122 $400.00 4HUNDREDDOLLARS AND
NO CENTS

The Clerks FRAUD.

Payable to: ______

**RETAIN THIS MONEY ORDER RECEIPT. IT MUST BE INCLUDED WITH ALL REFUND REQUESTS. BE SURE TO READ IMPORTANT INFORMATION BELOW AND ON BACK.** For your own records, it is recommended that you make a photocopy of the completed Money Order before providing it to the receiver.

**PURCHASE AGREEMENT:** You the purchaser agree that Western Union Financial Services Inc. (WUFSI) need not stop payment on, or replace, or refund a lost or stolen WUFSI Money Order unless (1) you fill in the face of the Money Order at the time of purchase, and (2) you report the loss or theft to Western Union Financial Services Inc. in writing immediately, and (3) You provide WUFSI with this original Money Order receipt issued by Western Union Financial Services Inc., Denver, Colorado. For customer service, call 1-800-999-9660.

* 1 9 3 8 8 8 8 8 0 2 1 *

LOAD THIS DIRECTION, THIS SIDE UP

**Visit wu.com to submit a Money Order Tracing/Refund request.**

**Instructions:**

**Western Union Financial Services, Inc. Money Order Tracing/Refund Request**

For customer service, call 1-800-999-9660.

1. This request is to be completed by the purchaser only. A stop payment is placed on the original Money Order when refund is made to purchaser.
2. The original of the Money Order receipt must accompany each request. If the original of the Purchasers Copy Money Order receipt is not enclosed, your request will be delayed and may be denied. Please make a photocopy of the request and the receipt for your own records.
3. Enclose a $15.00 non-refundable processing fee for each photocopy or refund request. A photocopy will not be processed until the $15.00 is received. Notice: At its discretion Western Union Financial Services, Inc. may deduct the fee from your refund if it is not enclosed with your request, and Money Order is eligible for refund. PLEASE DO NOT SEND CASH
4. Please allow 30 days for processing. All requests must be in writing (please write legibly in CAPITAL LETTERS to complete this form).

Purchaser's First and Last Name (Please Print)

Mailing Address (Please Print) Apartment Number (if applicable)

City State Zip Code

SEND REQUEST TO:
Western Union Financial Services, Inc.
P.O. Box 7030
Englewood, CO 80155-7030

Money Order was Payable to:

Reason for Request:

MONEY ORDER AMOUNT

DATE PURCHASED M M D D Y Y

Money Order was purchased at (name & address)

"To induce Western Union Financial Services, Inc. (WUFSI) to refund to me the face amount of the above Money Order, and in consideration of that payment, I authorize WUFSI to stop payment on this Money Order, and agree to reimburse WUFSI for this refund and to hold WUFSI harmless against any and all expense and/or liability to which it may be subject by reason of this refund to me, by reason of my alleged loss of the Money Order, or by reason of the negotiation of the Money Order."

**PURCHASER SIGN HERE** (IN INK): X ____________ / / ______ ( ) -

BEFORE MAILING, BE SURE THAT THIS FORM HAS BEEN SIGNED IN INK. DATE PHONE NUMBER